SCHOTT, Chief Judge,
concurring:
I agree with the majority opinion. For the reasons expressed therein and for an additional reason I concur in the result. In order for res judicata to apply the demand must be founded on the same cause of action: R.S. 13:4231. In her rule to determine inheritance tax the Secretary stated she was proceeding pursuant to the general inheritance tax laws, R.S. 47:2401 through 47:2425. The tax collector had to *168 file her rule within two years after the succession representative filed the inheritance tax return, C.C.P. art. 2954, or lose the right to recover any additional taxes by prescription.
The present claim is based on R.S. 47:2451 which is a different cause of action than the one previously pursued by the tax collector. This one is based on the facts that the tax payer has filed federal estate and state inheritance returns which contained errors resulting in erroneous payments. The statute tacitly acknowledges that the state will follow the lead of the federal tax collector and recognize entitlement to a state tax refund when the Internal Revenue Service does so. This is consistent with the spirit of R.S. 47:2434 which expresses the intent to obtain for the state those benefits obtained for the federal government by the Internal Revenue Code.
The cause of action furnished to the taxpayer by R.S. 47:2451 for a refund of an erroneous payment and accruing after the credit was allowed by the I.R.S. did not exist when the tax collector took her previous judgment. It came into being later on. Under these circumstances res judicata could not apply to the present claim.
WILLIAMS, J., concurs for the reasons provided by SCHOTT, C.J.